GLENN ROTHNER (CSB No. 67353)
RICHA AMAR (CSB No. 240509)
JONATHAN COHEN (CSB No. 237965)
LISA DEMIDOVICH (CSB No. 245836)
ROTHNER, SEGALL & GREENSTONE
510 South Marengo Avenue
Pasadena, California 91101
Telephone: (626) 796-7555
Facsimile: (626) 577-0124
email: grothner@rsglabor.com

Attorneys for Plaintiff Michael Duffy

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL DUFFY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DESERT HOT SPRINGS, a municipality; JERRY HANSON, in his individual and official capacity as former City Manager; WALTER MCKINNEY, in his individual and official capacity as Chief of Police, and DOES 1-10,<br><br>Defendants. | CASE NO. ED CV 06-00385 VBF (OPx)<br>Hon. Valerie Baker Fairbank<br><br>ORRDER GRANTING PLAINTIFF'S MOTION FOR STATUTORY ATTORNEYS' FEES AND COSTS<br><br>Date:        March 11, 2008<br>Time:       2:00 p.m.<br>Courtroom: 9 |

The motion for Statutory Attorneys' Fees and Costs by Plaintiff Michael Duffy against Defendants City of Desert Hot Springs ("City") and Walter McKinney came on for hearing before this Court on March 11, 2008 and Frederic Woocher appeared as attorney for Plaintiff Duffy and Edward Zappia appeared as attorney for Defendants City and McKinney.

The Court, after considering the moving and opposition papers, arguments of counsel and the parties, and all other matters presented to the Court, finds as follows:

1

IT IS HEREBY ORDERED THAT Plaintiff's motion for Statutory Attorneys' Fees and Costs is GRANTED in part, with the following modifications:

1. Plaintiff is entitled to reasonable attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 because his constitutional due process rights were found to have been violated. As Plaintiff succeeded on a significant issue in the litigation and achieved the benefit sought in bringing the suit, he is the prevailing party under § 1988. Under § 1988, as the prevailing party, Plaintiff is also entitled to fees for time reasonably spent litigating the fees motion, referred to as "fees on fees."

2. Based on the experience, skill, and reputations of the attorneys requesting fees, the hourly rates for Plaintiff's attorneys are as follows: Glenn Rothner: $500; Richa Amar: $225; Jonathan Cohen: $225; and Lisa Demidovich: $200.

3. The total lodestar fees on fees hours allowed are 131.9. This figure reflects a one-third reduction in supplemental fees on fees hours because the supplemental fees on fees hours are excessive. The hours per biller for the fees on fees lodestar are as follows: Glenn Rothner: 24.4 hours; Richa Amar: 59.5 hours; Lisa Demidovich: 48 hours; for a total of 131.9 hours. At the hourly rates awarded above, the total fees on fees lodestar is $35,187.50.

4. In his moving papers, Plaintiff requested compensation for 1,172.2 attorney hours (non-fees on fees) expended through January 25, 2008. In his reply, Plaintiff requested compensation for the corrected figure of 1,221.3 attorney hours (non-fees on fees) expended through the March 11, 2008 hearing on the Fee Motion. The number of hours is reasonable and sufficiently supported by the billing records. The hours per biller for the lodestar (non-fees on fees) are as follows: Glenn Rothner: 422 hours; Richa Amar: 692.8 hours; Jonathan Cohen: 25.6 hours; Lisa Demidovich: 80.9 hours; for a total of 1,221.3 hours. At the hourly rates awarded above, the lodestar (non-fees on fees) is $388,820.

5. Plaintiff did not prevail on his second cause of action for retaliation in violation of the First Amendment under 42 U.S.C. § 1983.  As the Defendants assert, the lodestar should be adjusted downward by one-third because Plaintiff's second cause of action was unrelated to Plaintiff's first cause of action for violation of Fourteenth Amendment due process rights under 42 U.S.C. § 1983.  The Court finds that Plaintiff's two causes of action involved distinct legal theories and distinct facts.  Defendants' request that the attorneys' fees award be reduced by one-third in light of the unsuccessful claim is granted.  Reducing the lodestar (non-fees on fees) by one-third – ($388,820) - ($388,820 / 3) – yields $259,213.33.  Reducing Lodestar (fees on fees) by one third - - ($35,187.50) - ($35,187.50/3) - - yields $23,458.34.

6. As the prevailing party, Plaintiff is entitled to recover reasonable litigation costs and expenses of $39,487.13 in addition to the clerk's $6,499.76 Bill of Costs award.  The costs sought were necessary to the effective and successful representation of Plaintiff's interests.

7. In sum, the Court awards Plaintiff fees and costs as follows: Lodestar (non-fees on fees): <u>$259,213.33</u>; Lodestar (fees on fees): <u>$23,458.34</u>; and Costs and Expenses: <u>$39,487.13</u>, for a total fees and costs award of <u>$322,158.80</u>.

IT IS SO ORDERED.*

DATED:__May 7, 2008 _____

        VALERIE BAKER FAIRBANK
        UNITED STATES DISTRICT JUDGE

* See Minute Order dated today.

3